DARRIN v. CLAY.

(Supreme Court, Appellate Division, Second Department.   March 24, 1911.)

1. ATTORNEY AND CLIENT (§ 148*)—COMPENSATION—AMOUNT OF RECOVERY.

A verdict in an action for an agreed percentage of the amount collected by the foreclosure of a mortgage will be set aside, where it includes the allowance of a demand for services in defending an action to restrain the foreclosure, as resistance of the injunction suit was necessarily involved in plaintiff's undertaking to foreclose.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 148.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. ATTORNEY AND CLIENT (§ 166*)—COMPENSATION—EVIDENCE—ADMISSIBILITY —PROFITS.

In an action for an agreed percentage of the amount collected by the foreclosure of a mortgage, the admission, upon the issue of the value of plaintiff's services, of evidence tending to show the profit the defendant derived from the transaction of which the mortgage was a part was reversible error.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 166.*]

Appeal from Queens County Court.

Action by Ira G. Darrin against George E. Clay. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

F. N. Smith, for appellant.

Eugene N. L. Young, for respondent.

THOMAS, J. The evidence does not establish an agreement on the part of the defendant to pay the plaintiff 40 per cent. of the amount collected on the foreclosure. Although the defendant did not except to the submission of that issue to the jury, as there must be a new trial for error in the reception of evidence, it is considered that, even if the evidence justified a finding that such contract was made, it included compensation for services rendered in the action to restrain the foreclosure, for which plaintiff has made a demand, allowed by the jury, for the additional sum of $500. The plaintiff could not foreclose the mortgage with his proceeding blocked by the injunction suit, and to earn his alleged agreed compensation of 40 per cent. he was burdened with the necessity of removing the impediment. As such action was the only remedy for defeating the foreclosure, its resistance by plaintiff would be necessarily involved in any undertaking to foreclose the mortgage.

Upon the issue of the value of his services, there was reversible error in the admission of evidence tending to show the profit the defendant derived from the enterprise of which the mortgage was a part. The action did not conveniently permit an examination of all the matters involved in ascertaining the defendant's profit, nor did it concern the value of the plaintiff's services, whether the purchase by defendant of several mortgages, some not involved in the foreclosure, resulted favorably or otherwise. The plaintiff, by the simple remedy of foreclosure by advertisement and by defeating the action to restrain it, collected $3,388.95, and has recovered on the basis of compensation therefor in the net sum of about $1,838, which is something more than 50 per centum of the amount collected for the client, who also met some of the disbursements. While the service rendered by the plaintiff did involve much labor, aside from that of qualifying himself for conducting the proceeding, inasmuch as the mortgage was ancient and its history somewhat obscure, the amount recovered is relatively so large that there should be ample legal evidence to sustain it; and for the errors noticed the judgment and order should be reversed, and a new trial granted, costs to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes